**Explanatory Comment**

In *Newman Development Group of Pottstown, LLC v. Genuardi's Family Markets, Inc. and Safeway, Inc.*, 52 A.3d 1233 (Pa. 2012), the Supreme Court of Pennsylvania examined the provisions of Rule 227.1 to determine whether a party must file a motion for post-trial relief following the resolution by the trial court of matters remanded by an appellate court. While it concluded in that case that a motion for post-trial relief was not required because the remand proceeding, which relied on an existing record, was not a trial, even though the trial court drew a different conclusion from that record to comport with the appellate court's directive, the Court held that Rule 227.1 is silent as to any procedure for post-trial relief when a matter has been remanded for further consideration by the trial court. *Id.* at 1251.

To close this gap, the Supreme Court has amended Rule 227.1 by adding new subdivision (i). Specifically addressing the remand context, the amendment would not require the filing of a motion for post-trial relief following the resolution of matters remanded by an appellate court except under the following circumstances: (1) the appellate court has specified that the remand is for a complete or partial new trial, or (2) the trial court states in its order resolving the issue remanded that a motion for post-trial relief is required in order to preserve those issues for appellate review.

The amendment is intended to give the practitioner certainty as to when a motion for post-trial relief is required in the remand context, and thus, to prevent waiver of those issues upon further appellate review. It is also intended to facilitate the underlying purpose of the rule, which is to allow the trial court to reconsider its determination and to make any corrections before it is appealed without inundating it with unnecessary motions.

By the Civil Procedural
Rules Committee

Peter J. Hoffman
Chair